# Notice of Settlement

To: Plaintiffs in *Serena McDermott v. Cracker Barrel Old Country Store, Inc.*, Civil Action No. 99-CV-1-HLM (N.D. Ga.)

From: Wiggins, Childs, Quinn & Pantazis

After five years of litigation, the parties have reached an agreement to settle this lawsuit. The Court has issued an Order preliminarily approving the Settlement Agreement and ordering distribution of this Notice of Settlement. As a Plaintiff in the lawsuit, you may be entitled to receive a payment based on the number of hours that you worked for Cracker Barrel Old Country Store, Inc. ("Cracker Barrel" or "Defendant"), if any, in an hourly position during the up to three-year limitations period of this case, as described below.

**To receive a payment, you must follow the instructions set forth in this Notice.**

Nature of the Claims and Defenses: In this lawsuit, Plaintiffs alleged Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA") by failing to properly compensate servers for the performance of alleged non-server duties (the "Server Claim"), and by requiring employees to wait "off the clock" after store closing to exit the restaurant (the "Off-The-Clock Claim"). Plaintiffs sought minimum wage compensation for time spent performing alleged non-server work, regular and/or overtime compensation for alleged off-the-clock waiting time, liquidated damages, and attorneys' fees and costs. Defendant denied each of Plaintiffs' claims in the action, denied Plaintiffs were entitled to any relief, and denied that the Action could properly be maintained as a collective action under § 216(b).

Plaintiffs sought a Court Order to send notice to a class of allegedly similarly situated present and former employees, and in March 2000, the Court granted Plaintiffs' motion, conditionally certifying a class of employees who had worked as servers (in states other than Montana and Minnesota) or as hourly employees on the second shift until closing from January 1, 1996. After the Court issued notice, you and other individuals submitted Consent to Join forms prior to the Court's May 23, 2001 deadline pursuing one or both claims.

After discovery on both claims, Defendant filed a motion to decertify the class, a motion for summary judgment on the Server Claim, and a motion for partial summary judgment on whether any alleged violation was willful. On February 27, 2004, the Court granted Defendant's motion to decertify the class with respect to the Server Claim and denied Defendant's motion to decertify the class with respect to the Off-The-Clock Claim. On March 2, 2004, the Court denied the Defendant's motion for partial summary judgment on the issue of whether any alleged violation was willful but granted Defendant's motion for summary judgment on the Server Claim thereby dismissing all Plaintiffs' Server Claims with prejudice.

<u>Risks of litigation</u>:  If this lawsuit is not settled, the Off-The-Clock Claims will have to be tried in federal district court in Rome, Georgia, and the Server Claims will have to be appealed to the Eleventh Circuit Court of Appeals in an attempt to seek reversal of the granting of summary judgment against the Plaintiffs regarding such Server Claims. Proceeding with a trial of the Off-The-Clock Claims and an appeal of the Server Claims presents substantial risks to both the Plaintiffs and Cracker Barrel. There are risks that the facts will not be perceived by the judge and/or jury in the same way that the parties perceive them, or that the judge will disagree with a party with respect to the law, or both. In this case, the risks of litigation include, but are not limited to, the following:  (i) the judge may determine trial of the Off-The-Clock Claims on a collective basis is not possible and decertify the claim; (ii) the judge or jury may determine that Plaintiffs are not entitled to recover any monetary relief as a result of their Off-The-Clock Claims; (iii) the judge or jury may determine that Plaintiffs are not entitled to damages for the Off-The-Clock Claims, that they are entitled to an amount of damages less than the amount sought by Plaintiffs, or that they are entitled to full monetary relief including liquidated damages; (iv) the Court and the Court of Appeals could affirm or overturn any of these diverse results; (v) the Court may determine under 29 U.S.C. § 260 that the act or omission giving rise to this lawsuit was in good faith and that Defendant had reasonable grounds for believing that its act or omission was not a violation of the FLSA and may, thus award no liquidated damages; (vi) the judge or jury may determine that any alleged violation of the FLSA was not willful within the meaning of 29 U.S.C. §255; (vii) the Court of Appeals may determine that this Action could not properly be maintained as a collective action within the meaning of 29 U.S.C. § 216(b) and/or that the Server Claim was properly dismissed; and/or (viii) the Court of Appeals could reverse the determination by the Court that the Defendant was due summary judgment on the Server Claims, that the Defendant was due partial summary judgment on the willfulness of its actions regarding the Server Claims, and/or that the

Defendant's Motion to Decertify regarding the Plaintiffs' Server Claims was due to be granted. Because of all of these various outcomes, none of which are certain or known by the parties, it is the sincere belief of counsel for the parties that this case should be settled on the terms set forth in the Full and Final Settlement Agreement Of All Claims ("Settlement Agreement").

Basis for the Settlement: The amount of the settlement represents a compromise of the claims in this case and provides some recovery to the vast majority of all named and opt-in Plaintiffs. While it is possible that the Plaintiffs with Off-The-Clock Claims might receive a full recovery, including damages, if tried before a jury, it is equally possible that the Plaintiffs might win nothing in the lawsuit or might win substantially less than a full recovery if this case is tried. Moreover, it is unlikely that the decision of the Court to dismiss the Server Claims will be reversed by the Court of Appeals. In view of the significant factual and legal issues genuinely in dispute in this case, Plaintiffs' Counsel believe that this settlement is fair and equitable. This settlement was arrived at only after lengthy negotiations with Defendant, and with the assistance of a Court-appointed mediator.

Amount of the Settlement: In view of the risks of litigation, the parties have agreed to settle the lawsuit for payment of $ 2,251,000.00 under specific terms and conditions set forth in the Settlement Agreement, a copy of which is attached as Exhibit "A." Payments under this Settlement Agreement will be available to be distributed as follows:

Payment to Eligible Plaintiffs: $1,500,000.00 (less required withholdings) will be available to be distributed to Plaintiffs who execute and timely submit a Release. The amount to be distributed to Plaintiffs will be allocated to the Plaintiffs based on the formula set forth in the Settlement Agreement, a copy of which is attached as Exhibit A.

> **HOW MUCH WILL YOU GET? If you are eligible to receive a payment pursuant to the Settlement Agreement and you sign and timely submit a Release, the amount of the payment to which you would be entitled before required withholdings is stated in the Release attached as Exhibit B.**

Objecting to Payment Amount: The payment amount designated on your Release attached as Exhibit B is based on the formula set forth in Exhibit A (the Settlement Agreement) to this Notice. This payment

amount has been carefully reviewed by Plaintiffs' Counsel and an expert hired by the Plaintiffs. If you object to the payment amount for any reason, you must submit your "Objection," sworn to before a Notary Public, along with supporting documentation, if any, stating the reason(s) for your objection. The Court has designated United States Magistrate Judge Walter E. Johnson to serve as a Special Master to resolve any dispute concerning Objections of eligible opt-in Plaintiffs. Any "Objection" you may have must be in writing and must be mailed and postmarked by October 6, 2005 to Judge Johnson, at the address set forth below. Any "Objection" postmarked later than October 6, 2005 will be deemed untimely and will not be considered by Judge Johnson. If this settlement is approved and you do not object as set forth above, you are expressly authorizing Wiggins, Childs, Quinn and Pantazis to dismiss, with prejudice, all of your claims in this case against Cracker Barrel.

<u>Taxation of Payments</u>: Any payment made to you in exchange for signing a Release will be treated as wages for income tax purposes and reported to the Internal Revenue Service as taxable income to you on a Form W-2.

<u>Attorneys' Fees</u>:  Plaintiffs' Counsel intend to seek approval of the Court for 33% of the total settlement, or $751,000.00, for all attorneys' fees, costs, and expenses.

<u>Court Approval of the Settlement (the "Approval Procedure")</u>:   This settlement has already been preliminarily approved by the Court.  Before this settlement becomes final, it must receive final approval from the Court.  The Court has scheduled a hearing to consider the fairness and adequacy of the settlement and Plaintiffs' Counsel's application for attorneys' fees and reimbursement of costs and expenses on October 18, 2005, at 10:00 a.m., in the United States Courthouse, 600 East First Street, Rome, Georgia  30161 . If you believe the Court should approve the settlement, no action is required on your part, other than timely postmarking and mailing your Release as described below in "How To Receive A Payment".. As set forth above, if you oppose the settlement, you must file a written "Objection" with the specific reason(s) for your opposition with the Court; your "Objection" must include the name of the case, *Serena McDermott, et al. v. Cracker Barrel Old Country Store, Inc.*, Civil Action No. 99-CV-1-HLM, be sworn to before a notary public and be mailed and postmarked by October 6, 2005 to the address below:

United States Magistrate Judge
Walter E. Johnson
c/o Clerk of the Court:
United States District Court
Northern District of Georgia,
Rome Division
600 East First Street
Rome, GA 30161

> **NOTE: The Court does not have the authority to change the terms of the settlement or the total amount of the settlement payment. The settlement will either be approved in its entirety or rejected in its entirety. If the settlement is not approved, there will be no payment made to any Plaintiff.**

<u>How to Receive A Payment</u>: To be eligible for any payment under the settlement, you must sign the enclosed Release and return it to:

> Cracker Barrel Wage & Hour Settlement Administrator
> P.O. Box 24389
> Jacksonville, FL 32241-4389

**Your fully completed and executed Release must be mailed and postmarked by October 6, 2005. If you fail to postmark your Release by this deadline, it will be deemed to be untimely and you will not be entitled to any payment under the terms of the settlement. Even if you file an Objection, you still must postmark your signed Release by October 6, 2005 or you will not be eligible to receive any payment if the settlement is approved.**

It is your responsibility to ensure that your Release is properly executed and postmarked within the deadline established above.

If the settlement is not approved, your Release will be voided and your rights in the lawsuit will continue unchanged.

<u>Further Information</u>: For further information, you may contact the following Plaintiffs' attorneys, at the addresses and numbers listed below:

Robert F. Childs, Jr., Esq.

Herman N. Johnson, Jr., Esq.

Wiggins, Childs, Quinn & Pantazis, LLC

The Kress Building

301 Nineteenth Street, North

Birmingham, AL 35203

(205) 458-1255