**RELEASE**

Cracker Barrel Old Country Store, Inc. (hereinafter referred to as "Cracker Barrel" or the "Company") and I, _____, Social Security No. _____, agree as follows:

**Section 1 -- Payment:**

(a) <u>Payment to Me</u>:  In exchange for my timely signing and mailing this Release, I will receive payment in the amount of $___, less required withholdings, based on the formula set forth in the Settlement Agreement, a copy of which was provided to me along with the Notice of Settlement in this case.  I expressly acknowledge that the Company is not obligated to make this or any other payment to me.  **Payment should be mailed to me at the following address:** _____ _____.

(b) <u>Attorneys Fees, Costs, and Expenses</u>:  I understand that the Company has agreed to pay my attorneys, the law firm of Wiggins, Childs, Quinn & Pantazis, a lump sum payment for all attorneys' fees, costs, and expenses as set forth in the Full and Final Settlement Agreement Of All Claims in this Civil Action.  I agree to indemnify and hold harmless the Company for all expenses, penalties, or interest charges it incurs as a result of not paying taxes on, or withholding taxes from, the amount of attorneys' fees, costs, and expenses.

(c) <u>No Other Relief</u>:  I acknowledge that I am not entitled to any other sum of money or thing of value from the Company with respect to allegedly unpaid wages, overtime compensation, liquidated damages, interest, penalties, attorney's fees, costs, or expenses arising from claims that were raised or could have been raised in this case.  By signing this Release, I authorize the law firm of Wiggins, Childs, Quinn & Pantazis to dismiss, with prejudice, all of my claims against Cracker Barrel in this case.

(d) <u>Confidentiality</u>:  I agree that I will not, directly or indirectly, publicize the amount of this payment or the terms of the settlement between myself and the Company by issuance of a press release or otherwise.

**Section 2 -- Release**: I irrevocably and unconditionally release any and all claims that I have or may have against the Company (including any person or entity affiliated with the Company, such as its parent, subsidiaries, directors, officers, employees and agents, and the parent, subsidiaries, directors, officers, employees and agents of any person or entity affiliated with the Company) relating to payment of wages and/or overtime.  This Release includes all claims for wages and/or overtime of which I am aware and claims of which I am not aware. This Release specifically includes all claims for wages or overtime compensation, including all claims under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and any state or local law relating to wages or overtime compensation, and all claims that were or could have been asserted by me or on my behalf in the action entitled *Serena McDermott, et al. v. Cracker Barrel Old Country Store, Inc.*, Civil Action No. 99-CV-1-HLM (N.D. Ga.) (the "Civil Action").  If I reside in California, I expressly waive all my rights under California Labor Code Section 200 *et seq*. and all my rights under any law intended to protect me from waiving unknown claims (such as Section 1542 of the California Civil Code).

**Section 3 -- Application**: This Release applies to me and to anyone who succeeds to my rights, such as my heirs and the executors of my estate. This Release applies for the benefit of the Company and any entity that succeeds to the Company's rights.  I represent that I have not assigned my claims in the Civil Action and have full

authority to release them.

**Section 4 -- Acknowledgment**:  I acknowledge that I have had the opportunity, if I so desired, to consult with an attorney of my choice prior to signing this Release. I also acknowledge that I have read this Release fully and carefully, that I understand its terms, that I am receiving valuable consideration in exchange for this Release that I would otherwise not be entitled to receive, and that I am signing this Release knowingly and voluntarily.

I declare under penalty of perjury that the foregoing is true and correct.

_____    _____
Signature                          Print Name