FILED IN CHAMBERS
U.S.D.C. Rome

OCT 21 2005

LUTHER D. THOMAS, Clerk
By: Karri Bull
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| SERENA McDERMOTT, et al., | |
| Plaintiffs, | CIVIL ACTION FILE |
| v. | NO. 4:99-CV-001-HLM |
| CRACKER BARREL OLD COUNTRY STORE, INC., | |
| Defendant. | |

## FINAL REPORT AND RECOMMENDATION

The Honorable Harold L. Murphy, United States District Judge, referred this matter to the undersigned pursuant to 28 U.S.C. § 636(b). See Order [433]. The purpose of said referral was to hear and determine any challenges to the parties' "Full and Final Settlement Agreement of All Claims" (hereafter the "Agreement"). Under paragraph 5.b(ii) of that Agreement, in order to object to the settlement, a plaintiff was required to submit a written objection under oath to the Court, postmarked and mailed by October 6, 2005. The following plaintiffs filed objections to the settlement:

1. Jenifer Lynn J. Ahola
   3000A Dover Rd.
   Woodlawn, TN 37191

2. Paul D. Anthony
   434 SE 13th Terrace
   Gainesville, FL 32641

3. George Bolenbaugh III
   401268-3510 N. Elm St.
   Jackson, MI 49210

4. Earl Burns
   3514 Hess
   Saginaw, MI 48601

5. Verlone Cherry
   146 S. Miller Ave.
   Statesville, NC 28677-5028

6. Wanda Harrod Cobbins
   605 Kian Court
   Maryville, TN 37801

7. Charvell L. Dyer
   9606 Trafford Ct.
   Cincinnati, OH 45231-3255

8. Rita P. Emmanuel
   760 Pailet Ave.
   Harvey, LA 70058

AO 72A

9. John J. Gorney
    912 W. Elizabeth Rd.
    Flagstaff, AZ  86001

10. Chiquita L. Hall
    4009 Council Ave.
    Brighton, AL  35020

11. Laura Elizabeth Bentley Horton
    7104 Perry Creek Rd.
    Raleigh, NC  27616

12. Donna Jackson
    4926 Log Cabin Rd.
    Nashville, TN  37216

13. Robert Earl King
    25 Center St.
    Bessemer, AL  35020

14. Janet D. Jackson
    6700 Old Webb Rd., # 22
    Webb, AL  36376

15. Cecil C. Lillard
    2135 Sadler Ave., Apt. B
    Nashville, TN  37210

16. Katrina Wilson Miles
    2664 Vanderbilt Dr.
    Baton Rouge, LA  70816

17. Keith Lamont Perry
    210 Lakeshore Dr.
    Hillsborough, NC 27278

AO 72A

18. Aretha N. Thomas
    128 57th St.
    Fairfield, AL  35064

19. Brenda A. Thorpe
    1555 Angora Dr.
    Loveland, CO  80537-3757

20. Brian G. Zamora
    P.O. Box 172
    Gregory, TX  78359-0172

Upon review of the written objections, the undersigned **REPORTS** that the following plaintiffs failed to comply with the terms of the Agreement in that their objections were neither made under oath (i.e., notarized or made under penalty of perjury) nor submitted by the deadline of October 6, 2005:

> Jennifer Lynn J. Ahola (not made under oath)[1]
>
> George Bolenbaugh III (not submitted by the deadline)
>
> Brenda A. Thorpe (not made under oath)
>
> Keith Lamont Perry (not made under oath)
>
> Donna Jackson (not made under oath)

---

[1] In any event, Ms. Ahola did not object to any amount she would have received as part of the settlement, but rather objected to class action lawsuits in general.

Therefore, the undersigned **RECOMMENDS** that the objections filed by these five plaintiffs be rejected. The remaining fifteen objections were timely submitted and made under oath and will be discussed infra.

Counsel for the parties submitted in advance of the Fairness Hearing the following:

1. Final Allocation of Payments;[2]

2. Declaration of Robert F. Childs, Jr., Esq. [439] (supporting plaintiffs' counsel's application for approval of their request for attorneys' fees, costs and expenses);

3. Declaration of Liesl M. Fox, Ph.D. [440] (describing the equitable formula used for division of the monetary award to each plaintiff and responding to objections raised by most of the aforementioned plaintiffs);

4. Affidavit of Barry Roberts [438] (describing the work of the claims administrator, including the process used to collect current addresses on each plaintiff and to mail them settlement packages); and

5. "Joint Response to Objections to the Notice of Settlement" [437] (addressing objections filed by eighteen of the plaintiffs).

---

[2] The parties submitted the allocation in an Excel spreadsheet that has been reviewed by the Court, but which has not been printed and made a part of the record, given its length.

The undersigned conducted a Fairness Hearing on October 18, 2005, notice of which had been provided to each plaintiff. No plaintiff appeared in person to object to the settlement. Appearing for the plaintiffs at the hearing were Robert F. Childs, Jr., Esq. and Herman N. Johnson, Jr., Esq. Appearing for the defendant at the hearing were R. Lawrence Ashe, Jr., Esq. and Tracey T. Barbaree, Esq. Through their counsel, the parties requested that the undersigned recommend approval of the settlement.

The undersigned has reviewed the fifteen objections that were timely submitted under oath and **REPORTS** that none of them raises a challenge that precludes the District Court from approving the pending settlement.[3] Generally, these objections either complain about the sum a plaintiff is to receive or make allegations (such as race discrimination) that are irrelevant to the FLSA issues being litigated here. The Court is satisfied that, from review of materials provided by the parties, each objector's equitable share of the settlement was properly calculated based upon the formula found in the Agreement. See Fox Decl. [440] ¶ 6 and Exhs. A-B thereto.

---

[3] Upon review of the "objection" filed by Paul D. Anthony, and after discussion with counsel at the Fairness Hearing, the undersigned concludes that Mr. Anthony has not filed an objection, but rather seeks to correct his prior submission of an erroneous social security number. That error had resulted in Mr. Anthony's exclusion from the class, because his social security number did not match that found in defendant's employment records. Counsel represented that this error would be corrected, allowing Mr. Anthony to receive his equitable share of the settlement proceeds.

6

These few objections fail to raise questions about either the propriety of the maintenance of this case as a collective action or the terms of the settlement as a whole. The undersigned notes that difficult legal and factual issues were in dispute here, and that risks and expenses for both parties were inherent in further litigation, making settlement a prudent option.

The record also fails to reflect any evidence of self-dealing that could have made a settlement potentially unfair to certain plaintiffs. For example, no enhanced or premium payments have been made to any plaintiff to induce a settlement. Moreover, given that the attorneys' fees, costs, and expenses incurred by plaintiffs' counsel in this matter far exceed the amount awarded to them under the Agreement, no improper inducement has been paid to them to settle this matter.

Finally, the undersigned received periodic reports from the mediator concerning the hard bargaining that was occurring between the parties. There is no doubt that the settlement was concluded at "arms length" and constitutes the best result possible for plaintiffs, many of whom had claims so small that individual recovery would not have been feasible.

Because the settlement is fair and equitable to all involved and consistent with the law, the undersigned therefore **RECOMMENDS** that the District Court:

1. find that this case, in its present posture, is properly maintainable as a collective action under 29 U.S.C. § 216(b);

2. find that the Agreement is fair and reasonable;

3. find that the objections filed in opposition to the Agreement fail to present any valid legal basis for denying final approval of it;

4. find that plaintiffs' counsels' application for attorneys' fees, expenses, and costs, specified in Section 2.b. of the Agreement, are fair and reasonable under the law and the facts of this case;

5. adopt and approve the facts set forth in Section 3 of the Agreement; and

6. after time for the filing and review of any objections has passed, execute the attached proposed "Final Approval Order," which incorporates the above-listed recommended findings and gives final approval to the terms of the parties' Settlement Agreement.

Pursuant to paragraph 5.b.(ii) of the Agreement, the undersigned **DIRECTS** the Clerk to transmit a copy of the instant "Final Report and Recommendation" to each of the twenty (20) objecting plaintiffs, whose names and addresses are listed <u>supra</u>, and to counsel for the parties.

The Clerk is further **DIRECTED** to terminate the reference to the Magistrate Judge.

**SO RECOMMENDED**, this 21st day of October, 2005.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

SERENA McDERMOTT, et al.,

    Plaintiffs,

v.

CRACKER BARREL OLD
COUNTRY STORE, INC.,

    Defendant.

CIVIL ACTION FILE

NO. 4:99-CV-001-HLM

## **FINAL APPROVAL ORDER**

Pursuant to 28 U.S.C. § 636(b), the Court referred this matter to United States Magistrate Judge Walter E. Johnson to consider any Objections to the parties' Full and Final Settlement Agreement of All Claims ("Settlement Agreement") and to conduct a Fairness Hearing regarding said Settlement Agreement on October 18, 2005. For the reasons set forth in the Report and Recommendation, the Court hereby adopts Judge Johnson's recommendations that this case, in its present posture, is properly maintainable as a collective action pursuant to 29 U.S.C. § 216 (b), that the Settlement Agreement is fair and reasonable, and that the Objections filed in opposition to the Settlement Agreement fail to present any valid legal basis for denying final approval of the Settlement Agreement. Accordingly, the Court grants final approval to the

terms of the parties' Settlement Agreement, finding it fair to all parties and consistent with law. The Court further adopts Judge Johnson's recommendation that the Court approve, as fair and reasonable under the law and the facts of this case, Plaintiffs' counsels' application for attorneys' fees, expenses and costs as specified in Section 2.b. of the Settlement Agreement. Finally, the Court adopts and approves the facts set forth in Section 3 of the Settlement Agreement as if fully set forth herein.

Pursuant to the terms of the Settlement Agreement, Cracker Barrel shall make all payments required under Section 2 of the Settlement Agreement in the manner set forth in Section 5.f. of the Settlement Agreement. Any unclaimed funds shall be utilized as set forth in Section 5.g. of the Settlement Agreement. Upon the expiration of the time for appeal of this Final Approval Order, if no appeal is filed, the parties are **DIRECTED** to file a joint stipulation of dismissal of all claims with prejudice, each party to bear its/his/her own costs.

**IT IS SO ORDERED**, this _____ day of _____, 2005.

_____
Harold L. Murphy
United States District Judge

2

FILED IN CHAMBERS
U.S.D.C. Rome

OCT 21 2005

LUTHER ..., Clerk
By: Kari Bell
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| SERENA McDERMOTT, et al., | |
| Plaintiffs, | CIVIL ACTION FILE |
| v. | NO. 4:99-CV-001-HLM |
| CRACKER BARREL OLD COUNTRY STORE, INC., | |
| Defendant. | |

**ORDER FOR SERVICE OF
FINAL REPORT AND RECOMMENDATION**

Let this Final Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and the Court's Local Rule 72.1B, be filed and a copy, together with a copy of this Order, be served upon counsel for the parties and each of the twenty (20) plaintiffs who filed objections to the settlement.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Final Report and Recommendation within ten days of the receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for

AO 72A

obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Final Report and Recommendation may be adopted as the opinion and order of the District Court, and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

The Clerk is directed to submit the Final Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED**, this 21st day of October, 2005.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

2